OPEN MEETING LAW — BOARD OF CORRECTIONS Any meeting of the Board of Corrections, even though it may be an "unscheduled or emergency" meeting is subject to the provisions of 25 O.S. 201 [25-201] (1971), except where the meeting is for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of a public officer or employee. A gathering of members of the Board of Corrections, whether scheduled or unscheduled, where less than a quorum is present is not a "meeting" within the meaning of 25 O.S. 201 [25-201] (1971), and it is, therefore, impossible for such a gathering to transact business. The Attorney General has considered your opinion request wherein you asked the following questions: "1. Do unscheduled or emergency meetings of the Board of Corrections fall under the provisions of Oklahoma's open meeting statute? "2. Do scheduled or unscheduled meetings of the Board of Corrections where less than a quorum is present to do business qualify for the strictures of the open meeting law?" Title 25 O.S. 201 [25-201] (1971) provides: "All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly case and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the Legislature appointed as a member of the committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this act whenever the jurisdiction of such committee includes the actions of the public body involved." Generally speaking, 25 O.S. 201 [25-201] requires that all meetings of the Board of Corrections be open to the public unless the Board is considering a specific matter contained in the statute the consideration of which would permit an executive session. The mere fact that a meeting is an "unscheduled or emergency" meeting does not remove it from the operation of the statute. Therefore, the question must be answered as follows: If the "unscheduled or emergency" meeting is "for the purpose of discussing employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employees", the Board may meet in executive session. In all other instances, any meeting of the Board of Corrections should be open to the public. Your second question was dealt with specifically in Attorney General's Opinion No. 71-245, which quoted Attorney General's Opinion 68-231 as follows: "It is, therefore, the opinion of the Attorney General that a meeting of the governing body is construed to mean a coming together of a quorum of a collective number of individual members of a governing body to transact business which officially concerns such body. Communications between such individual members of such bodies when not meeting as a governing body may be private." It is further stated in the body of Opinion No. 71-245: "It is therefore clear that if a quorum of an agency is meeting to transact any agency business which in and of itself concerns an act of a public nature, and requires deliberation including but not limited to rule and decision making, then the quorum is a governing body under the meaning of the term of the statute. All such meetings must thus fall within the framework of the statute. "However, communications between individual members of the body or discussion by bodies when a quorum is not present are obviously not within the intent of the statute when speaking of 'all meetings of governing bodies.' " It is the inescapable conclusion that any meeting, scheduled or unscheduled, of members of the Board of Corrections where less than a quorum is present is not subject to the provisions of 25 O.S. 201 [25-201] (1971). It is, therefore, the opinion of the Attorney General that your first question should be answered in the affirmative. Any meeting of the Board of Corrections even though it may be an "unscheduled or emergency" meeting is subject to the provisions of 25 O.S. 201 [25-201] (1971) except where the meeting is for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of a public officer or employee. In those instances, the Board of Corrections or any other Board may meet in an executive session. The answer to your second question is in the negative. A gathering of members of the Board, whether scheduled or unscheduled where less than a quorum is present is not a "meeting" within the meaning of 25 O.S. 201 [25-201] (1971), and it is, therefore, impossible for such a gathering to transact business. (Michael Cauthron)